UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST CHOICE FEDERAL CREDIT UNION and FINANCIAL HORIZONS CREDIT UNION, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SLIM CD, INC.,<br><br>Defendant. | Case No. 2:25-cv-01088-MRH |

# [~~PROPOSED~~] PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement between Plaintiffs First Choice Federal Credit Union and Financial Horizons Credit Union ("Plaintiffs"), individually and on behalf of the Settlement Class, and Defendant Slim CD, Inc. ("Slim CD" or "Defendant," and together with Plaintiffs, the "Parties"), for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.[1]

Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court determines that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is likely to be certified for settlement purposes, and the proposed notice plan is approved.

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement dated May 13, 2026 ("Settlement Agreement").

Accordingly, good cause appearing in the record, Plaintiffs' Motion is **GRANTED**, and

**IT IS HEREBY ORDERED THAT:**

**Provisional Certification of the Settlement Class**

1. The Court finds that it is likely to certify the following Settlement Class:

> All financial institutions in the United States (including its territories and the District of Columbia) that issued one or more Alerted on Payment Cards.
>
> Excluded from the Settlement Class are: (i) the Court and any immediate family members of the Court; (ii) directors and officers of Defendant; (iii) parents and subsidiaries of Defendant; and (iv) financial institutions that timely and validly request exclusion from the Settlement Class.

This Settlement Class is provisionally certified for purposes of settlement only.

2. The Court determines that for settlement purposes only the proposed Settlement Class likely meets all the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of Plaintiffs are typical of absent Settlement Class Members; that Plaintiffs will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that Defendant has acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

3. Plaintiffs First Choice Federal Credit Union and Financial Horizons Credit Union are designated and appointed as the Settlement Class Representatives.

4. The following lawyers are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP and Gary F. Lynch of Lynch Carpenter, LLP. The Court finds that Mr. Guglielmo, Mr. Lynch, and their respective firms are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Proposed Settlement**

5. Upon preliminary review as required under Rule 23(e)(2), the Court finds it will likely be able to approve the proposed Settlement, that the Settlement appears to be fair, reasonable, and adequate, and that it warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

6. A Final Approval Hearing shall take place before the Court on September, 22, 2026 at 1:30 p.m. in Courtroom 6A before the Honorable Mark R. Hornak, United States District Judge, Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for Service Awards to the Settlement Class Representatives should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

7. Class Counsel shall file their motion for final approval of the Settlement and their Fee and Expense Application no later than August 21, 2026 (no later than 14 days prior to the Opt-Out Deadline and Objection Deadline). Objections, if any, shall be filed no later than September 4, 2026 (the "Objection Deadline"), as described in ¶¶16-18. By no later than September 18, 2026 (no later than 14 days after Objection Deadline), replies in support of final approval of the Settlement and/or Class Counsel's Fee and Expense Application shall be filed.

8. In connection with Plaintiffs' motion for final approval of the Settlement, the Settlement Administrator shall provide an affidavit or declaration confirming completion of the Notice Program, including the dates and methods by which Notice was provided to Settlement Class Members. Plaintiffs shall file such affidavit or declaration with the motion for final approval.

9. Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

**Settlement Administrator**

10. Analytics LLC ("Analytics") is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Settlement Administrator as set forth in the Settlement. The Costs of Settlement Administration, Taxes, and Tax Expenses shall be paid from the Settlement Fund as provided in the Settlement Agreement without further order of the Court.

**Notice to the Settlement Class**

11. The Notice Program proposed by the Parties, including the forms of Notice and Claim Form attached as exhibits to the Settlement Agreement, satisfies the requirements of Federal Rule of Civil Procedure 23 and due process and thus is approved. Non-material modifications to the exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in accordance with the Settlement Agreement and to perform all other tasks required by the Settlement Agreement.

12. The Court finds that the form, content, and method of giving notice to the Settlement Class, as described in the Settlement and exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

**Exclusions from the Settlement Class**

13. Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude itself to the Settlement Administrator, at the address provided in the Notice, postmarked no later than September 4, 2026 (the "Opt-Out Deadline," 60 days after the Notice Deadline) and sent via first class postage pre-paid United States mail. The written notification must include: (i) the name of this Litigation (*First Choice Federal Credit Union and Financial Horizons Credit Union v. Slim CD, Inc.*, Case No. 2:25-cv-01088-MRH (W.D. Pa.)); (ii) the full name, address, and telephone number of the Settlement Class Member; (iii) the name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; (iv) the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement; and (v) the total number of Alerted On Payment Cards issued by the Settlement Class Member that were identified in any card brand alert issued by Visa, MasterCard, or Discover in connection with the Data Security Incident. If the Settlement Class Member fails to provide all of the required information on or before the deadlines specified in the Settlement and fails to cure any deficiency within the time allowed in the Settlement Agreement, then its attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

14. If a request for exclusion is deficient, the Settlement Administrator shall, within five (5) days of receipt, send a deficiency notice via email (or USPS Priority Express mail if email is not feasible) informing the Settlement Class Member that its request for exclusion is invalid and specifying the deficiency, and that it must re-submit a complete and corrected request for exclusion within ten (10) days of the date of the deficiency notice. Failure to timely cure the identified

deficiency shall render the opt-out request invalid and of no legal effect, and the Settlement Class Member shall be bound by the Settlement, including its Releases, as if no request for exclusion had been submitted.

15. All Settlement Class Members that submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement shall be bound by all subsequent proceedings, orders, and judgments in this matter, the Settlement, including but not limited to the Releases set forth in the Settlement, and the Final Approval Order and Judgment.

**Objections to the Settlement**

16. A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

17. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Defendant's Counsel at the addresses listed in the Notice, and postmarked by no later than September 4, 2026 (the "Objection Deadline," 60 days after the Notice Deadline). Objections shall not exceed fifteen (15) pages. For the objection to be considered by the Court, the objection shall set forth:

(a) The name of the Litigation: *First Choice Federal Credit Union and Financial Horizons Credit Union v. Slim CD, Inc.*, Case No. 2:25-cv-01088-MRH (W.D. Pa.);

(b) The full name of the objecting Settlement Class Member and the full name, address, email address, and telephone number of the person acting on its behalf;

(c) An explanation of the basis upon which the objector claims to be a Settlement Class Member;

(d) Whether the objection applies only to the objecting Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class;

(e) All grounds for the objection stated, with specificity, accompanied by any legal support for the objection;

(f) The identity of all counsel who represent the objecting Settlement Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, Class Counsel's request for attorneys' fees, expenses, or Service Awards;

(g) The identity of all representatives (including counsel) who will appear at the Final Approval Hearing;

(h) A statement indicating whether the objecting Settlement Class Member intends to personally appear and/or testify at the Final Approval Hearing;

(i) A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented; and

(j) The objecting Settlement Class Member's signature on the written objection.

18. Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out, and the objection shall be deemed null and void.

**Claims Process and Distribution Plan**

19. The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

20. Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form by no later than October 5, 2026 (the "Claims Deadline," ninety (90) days after the Notice Deadline). If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

**Termination of the Settlement and Use of this Order**

21. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such an event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

22. If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Slim CD of any fault, wrongdoing,

breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

**Stay of Proceedings**

23. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

24. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

25. The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Slim CD related to the Data Security Incident.

**Summary of Deadlines**

26. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

| Event | Due Date |
|---|---|
| Notice Deadline (commencement of Notice Program) | July 6, 2026 |
| Settlement Website established | July 6, 2026 |
| Motion for Final Approval and Fee and Expense Application filed | August 21, 2026 |
| Opt-Out Deadline | September 4, 2026 |
| Objection Deadline | September 4, 2026 |
| Reply briefs filed | September 18, 2026 |
| Final Approval Hearing | September 22, 2026 |
| Claims Deadline | October 5, 2026 |

**IT IS SO ORDERED** on this 3rd day of June, 2026.

Hon. Mark R. Hornak
United States District Judge
Western District of Pennsylvania